IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES DOUGLAS LEWIS, JR.,          :

     Plaintiff,                     :

vs.                                :   CIVIL ACTION 15-0352-KD-M

HALLIE S. DIXON, *et al.*,         :

     Defendants.                    :


REPORT AND RECOMMENDATION


Plaintiff, a Baldwin County Corrections Center inmate
proceeding *pro se* and *in forma pauperis*, filed a Complaint under
42 U.S.C. § 1983.  This action has been referred to the
undersigned for appropriate action pursuant to 28 U.S.C. §
636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful review,
it is recommended (1) that this action be dismissed, prior to
service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and
(ii) because Plaintiff's claims are either frivolous or fail to
state a claim upon which relief can be granted, and (2) that the
claims upon which Plaintiff failed to state a claim upon which
relief can be granted be dismissed without prejudice so
Plaintiff may re-file them in a new action or, if he so elects,
may file an amended complaint within the period for filing

1

objections to the Report and Recommendation, for the purpose of stating a claim. *See Lee v. Alachua Cnty., Fla.,* 461 F. App'x 859 (11th Cir. 2012) (unpublished).[1]

I.   <u>Complaint</u>. (Doc. 1).

In this § 1983 action, Plaintiff names as Defendants Hallie S. Dixon, District Attorney for Baldwin County, Alabama; Joseph E. Davis, Deputy Sheriff for Baldwin County; and Jacob Hill, Deputy Sheriff for Baldwin County. (Doc. 1 at 7). Plaintiff claims that between July 27, 2012 and July 10, 2015 (when he filed this action), "the defendants have worked in concert to use false information to assemble a criminal case to be presented to a grand jury for an indictment and to use said indictment to obtain a conviction in the Circuit Court of Baldwin County." (*Id.* at 4). Plaintiff indicates that at the time of filing, he was awaiting trial. (*Id.* at 8).

The Complaint contains the following pertinent allegations against Defendants. On July 27, 2012, Defendant Hill seized a pistol from Bonnie Moss and placed it in an evidence locker, without taking a statement about the pistol's ownership, but merely acted upon assumptions and hearsay. (*Id.*). In the offense report Defendant Hill stated that "[w]hen [Plaintiff]

---

[1]   "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

left [Bonnie's] residence he . . . left a pistol," which Plaintiff claims is not based on "testimony or fact." (*Id.* at 7-8). In the offense report Defendant Hill stated that he left the ammunition with Bonnie and gave her a property receipt for the pistol, which Plaintiff alleges is tampering with evidence. (*Id.* at 12). Plaintiff maintains the ammunition could have been tested for fingerprints to "possibly ... eliminate" him as the pistol's owner, and because that did not occur, his constitutional rights were violated. (*Id.*). Furthermore, Defendant Hill allowed the reproduction and alteration of his original report. (*Id.*).

On July 31, 2012, in the supplemental narrative, Defendant Davis used false information in his complaint, stating Plaintiff had been arrested and charged in Walton County, Florida, for attempted murder. (*Id.* at 5). This information was presented to the grand jury to help obtain an indictment, which Plaintiff alleges was a violation of his constitutional rights. (*Id.*). During an unidentified, fifteen-month period, Defendants allegedly did not use "due diligence" to verify statements from witnesses or to investigate his claims. (*Id.* at 4-5). Instead, Defendants "worked in concert with witnesses to fabricate statements almost nine months after the fact" so Defendants Dixon and Davis could present the statements to the grand jury

3

to obtain an indictment against him.  (*Id.* at 6).

In addition, after the original report was made on July 27, 2012, Defendant Davis altered vital information "to validate his report" and to make the information coincide to another case against Plaintiff.  (*Id.* at 11).  And in the supplemental narrative of July 31, 2012, he stated that his actions were based on the emailed statement of the witness Alexson; however, the email was received August 1, 2012, which calls into question Defendant Davis's truthfulness before the grand jury.  (*Id.*). Lastly, Plaintiff alleges that "Defendant Davis filed a false affidavit of information in order to obtain a warrant for arrest and ultim[ate]ly an indictment against Plaintiff."  (*Id.* at 7).

On September 20, 2013, Defendant Davis testified before the grand jury using the false statements contained in his narratives of July 31, 2012 and April 16, 2013.  (*Id.* at 7, 11). Furthermore, the witnesses' statements of April 1, 2013, which were attested to by Defendant Davis for truthfulness and where they were taken, indicate that Defendant Davis was in two different places at the same time.  (*Id.* at 11).

With respect to Defendant Dixon, she is alleged to have "conspired" with Defendant Davis to submit false information to the grand jury to obtain an indictment against Plaintiff.  (*Id.* at 7).  On September 20, 2013, Defendant Dixon appeared before

4

the grand jury with information provided by Defendant Davis, which she allegedly knew to be false because it was based on the police complaint of July 27, 2012.  (*Id.*).  Defendant Dixon allegedly did not investigate Plaintiff's claims and "worked in concert with witnesses to fabricate statements almost 9 months after the fact," which were presented to the grand jury to obtain the indictment against Plaintiff.  (*Id.* at 6).  Defendant Dixon allowed Defendant Davis to appear before the grand jury to "paint" Plaintiff as a dangerous criminal – an "attempted murderer" who lies and a stalker – in order to persuade the grand jury to indict him, which is alleged to constitute subornation of perjury.  (*Id.*).

Defendant Dixon, or an assistant appearing on her behalf, lied under oath to the grand jury that indicted Plaintiff when she used the false supplemental narratives of July 31, 2012 and April 16, 2013 and Defendant Davis's false facts.  (*Id.* at 9).  That is, in the July 31, 2012, narrative statement, Defendant Davis stated that Plaintiff was arrested and charged by the Walton County Sheriff's Department for attempted murder, and the statement also contained language "if the attempted murder charges and other felony charges get dropped," which Plaintiff did not explain.  (*Id.*).  In the April 16, 2013, narrative statement, Defendant Davis states that he "got [Plaintiff] to

5

admit he was living . . . alone in the trailer until he was apprehended and the pistol was found." (*Id.* at 15).

Defendant Dixon is further alleged not to have turned over evidence that was part of the offense reports, that is, the power of attorney taken into evidence by Defendant Davis, the signature sheet and statement added as an attachment by Deputy Welsh, the intrastate extradition request and application for a governor's warrant from Pennsylvania, the Governor's Warrant signed by the Governor of Pennsylvania before November 12, 2013, the signature sheet and statement from Deputy Welsh and Deputy Pierce, and the police reports from Walton County, Florida, from July 26, 2013 to validate Defendant Davis's statement and testimony before the grand jury. (*Id.* at 10).

For relief, Plaintiff's requests (1) the imposition of "financial penalties" against Defendants due to his detention for over 700 days on account of "false testimony," and (2) an investigation request be sent to the Department of Justice ("DOJ") to review the cases against Plaintiff for criminal misconduct by Defendants, the Baldwin County Sheriff's Office, and the District Attorney's Office. (*Id.* at 13-14).

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

This action is now before the undersigned for screening of the Complaint (doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B),

because Plaintiff is proceeding *in forma pauperis*.  *See* S.D. ALA. GENLR 72(a)(1)&(2)(R) (referring § 1983 actions filed by prisoners to the magistrate judges).

A broad grant of discretion is given to federal district courts in the screening and management of *in forma pauperis* actions.  *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).  When considering a *pro se* litigant's allegations, the court holds them to a more lenient standard than those of an attorney, *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 791, 710 (11th Cir. 2010) (relying on *Ashcroft v. Iqbal*, 566 U.S. 662 (2009)).  Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

At any point in the proceedings, when the district court finds that the action is frivolous or malicious, or fails to state a claim upon which relief can be granted, the action's dismissal is mandated by 28 U.S.C. § 1915(e)(2)(B).  28 U.S.C. §

1915(e)(2)(B); *Bilal v. Driver*, 251 F.3d 1346, 1348 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).  An action is frivolous when the district court concludes that it has "little or no chance of success," because based on the face of the complaint, the legal theories are "indisputably meritless," or the factual allegations are "clearly baseless," (that is, where the complaint "lacks an arguable basis either in law or in fact"). *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989)); *Denton v. Hernandez,* 504 U.S. 25, 32-34, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992)); *Neitzke,* 490 U.S. at 326, 109 S.Ct. at 1831-32;[2] *see also Clark v. State of Ga. Pardons & Paroles Bd.,* 915 F.2d 636, 639 (11th Cir. 1990) ("A lawsuit is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'") (quotation omitted)).

A claim based on an indisputably meritless legal theory encompasses claims for "an infringement of a legal interest which clearly does not exist," *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1833, or where "the defendants are immune from suit."

---

[2]    *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal,* 251 F.3d at 1348-49.

*Id.;*[3] *see Clark,* 915 F.2d at 640 (when an affirmative defense would defeat the action, the action's dismissal as frivolous is also warranted).[4]  While a factually baseless claim is one "describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  *Denton,* 504 U.S. at 32-33, 112 S.Ct. at 1733; *cf. Battle v. Central State Hosp.,* 898 F.2d at 129 n.2 (baseless allegations also include allegations contradicted by other allegations in the complaint); *Weaver v. Geiger,* 294 F. App'x 529, 534 (11th Cir. 2008) (unpublished) (conspiracy allegations that are baseless due to the absence of supporting evidence can be found to be fantastic and delusional).[5]

Moreover, § 1915(e)(2)(B)(ii) authorizes the dismissal of a complaint for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim, the

---

[3]     Dismissal of damages claims against a defendant who is immune from damages claims is now a separate, statutory ground for a frivolous dismissal. 28 U.S.C. § 1915(e)(2)(B)(iii).

[4]     The *Clark* court observed that an action could state a claim but still be frivolous due to the application of an affirmative defense, such as absolute immunity from damages; res judicata or collateral estoppel; allegations previously litigated in another suit; or the statute of limitations.  *Clark,* 915 F.2d at 640 n.2.  It also mentioned that an action could be frivolous where money damages were sought from a defendant whom the court knew was judgment proof, or where others recently unsuccessfully litigated an identical claim in another action.  *Id.* at 640.

[5]     "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements. *Id.; Mitchell*, 112 F.3d at 1490.

III. <u>Discussion</u>.

    A. <u>Deficient Pleading</u>.

    Plaintiff's description of his claims consists mostly of

vague and conclusory allegations, with a few specific facts
interspersed.  Plaintiff frequently labels something as false
with little or no supporting information to show the falsity of
it.  Whether something is false is a conclusion that a court
makes after considering the descriptive, supporting information.
Then, if something is indeed false, in order for it to be
relevant to a § 1983 action, the falsity must be intertwined
with a plausible violation of Plaintiff's constitutional rights.
*See Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913,
68 L.Ed.2d 420 (1981)(a § 1983 claim requires a plaintiff to
establish, among other things, the complained of "conduct
deprived [him] of rights, privileges, or immunities secured by
the Constitution or laws of the United States."), *overruled on
other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31
(1986).

Plaintiff refers to a "false affidavit" without identifying
the false information in it.  (Doc. 1 at 7).  This instance is
the only time an affidavit is mentioned.

Plaintiff alleges this "false affidavit" was used to obtain
an arrest warrant and ultimately his indictment.  (*Id.*).  This
is the lone reference to an arrest warrant originating from the
events of which Plaintiff complains.  No information is provided
describing the events that caused the issuance of the arrest

warrant, what was contained in the arrest warrant, or what occurred during the arrest, nor is the offense for which Plaintiff was arrested identified.  It is only through the complaint form's inquiries that Plaintiff advises that he is charged with possession of an altered firearm and with stalking. (*Id.* at 8).  And he does not indicate if his allegations relate to both charges.

Rather, Plaintiff's allegations in this action are concerned with the type and quality of evidence presented to the grand jury and the proceedings before the grand jury that indicted him.  And, by mentioning in his request for relief that he wants to be compensated for 700 days, he indicates, in an indirect manner, that he is seeking compensation for being imprisoned.  However, the lack of specificity in his allegations and the lack of allegations to convey a plausible claim in his Complaint prevents Plaintiff from stating a plausible claim for relief as explained in the following discussion of the Complaint's other deficiencies.

B. Conspiracy Allegations.

Plaintiff claims that "Defendants worked in concert" (Doc. 1 at 4), Defendant Dixon "conspired with [Defendant Davis] to submit knowingly false information to [the] Grand Jury" (*id.* at 7), and Defendant Davis "worked in concert with the witnesses to

fabricate statements" (*id.* at 6) and "knowingly conspired with witnesses to obtain statements which would be favorable to his case." (*Id.* at 7). These allegations are the extent of the conspiracy allegations. No factual information is provided showing an agreement was reached or a meeting occurred, nor was information presented showing that a Defendant's actions went beyond the role of preparing a criminal case. Thus, a Defendant's involvement in the alleged conspiracy is consistent with actions taken to fulfill the duties of his or her position in the prosecution of a criminal case.

In the absence of factual information describing the conspiracy and the agreement, the Court finds the conspiracy claims are based on bald, conclusory assertions of a conspiracy. And "[w]holly conclusory allegations of conspiracy must be disregarded." *Muhammad v. Bethel-Muhammad,* No. 11-0690-WS-B, 2012 WL 1854315, at *7 (S.D. Ala. 2012) (unpublished) (quotation and internal quotation marks omitted); *see Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir. 1984) (a § 1983 conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and is subject to dismissal). "*Twombly* and *Iqbal* require the proper pleading of a conspiracy." *Muhammad,* 2012 WL 1954315, at *4. A conspiracy claim needs sufficient "factual matter (taken as true) to suggest that an

13

agreement was made." *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965; *see Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir.) (it must be shown "that the parties 'reached an understanding' to deny the plaintiff his or her rights. . . . [and t]he conspiratorial allegations must impinge upon the federal right[,i.e.,] the plaintiff must prove an actionable wrong to support the conspiracy"), *cert. denied,* 500 U.S. 932 (1991). "[L]awful parallel conduct fails to bespeak unlawful agreement. . . . [W]hen allegations of parallel conduct are set out . . . , they must be placed in a context that raises a suggestion of a *preceding agreement,* not merely parallel conduct that could just as well be independent action." *Twombly,* 550 U.S. at 556-57, 127 S.Ct. at 1965 (emphasis added).

In the present action, Plaintiff's conspiracy claim is vague and conclusory, and the Complaint's other allegations are consistent with or parallel to duties that each person would perform in his or her position.  Accordingly, the Court finds that the conspiracy allegations are without legal merit and therefore are frivolous, as a conspiracy claims have little or no chance of success.  *Fortson v. Georgia,* 601 F. App'x 772, 774 (11th Cir. 2015) (unpublished) (affirming the conspiracy complaint's frivolous dismissal as it only contained only a sparse account of facts and therefore lacked arguable merit in

law and fact).

C. Inadequate Investigation Allegations.

Plaintiff maintains that over a fifteen-month period Defendants did not conduct an investigation into his claims and did not obtain a statement about the pistol's ownership, but instead relied on assumptions and hearsay. (*Id.* at 4-5). Moreover, Defendants "worked in concert with the witnesses to fabricate statements almost 9 months after the fact[.]" (*Id.* at 6). And Defendant Hill tampered with evidence when he removed the ammunition from the pistol and did not test the ammunition for his fingerprints. (*Id.* at 12). By themselves, these allegations for an inadequate investigation impinge upon no constitutional right. *Hall v. Pate,* No.2:07-cv-0766-WKW-SRW, 2007 WL 4106542, at *4 (M.D. Ala. 2007) (unpublished) (citing *DeShaney v. Winnebago Cnty. Dep't of Social Servs.,* 489 U.S. 189 (1989)); *see Flores v. Satz,* 137 F.3d 1275, 1278 (11th Cir. 1998) ("That the prosecution did not investigate properly or prosecute expeditiously the charges against him does not violate clearly established constitutional rights."). Therefore, the claims for an inadequate investigation are due to be dismissed as frivolous.

C. Request for Relief.

Plaintiff requested the imposition of "financial penalties"

15

(Doc. 1 at 13), which the Court construes as a request for damages.  Inasmuch as this request contains no specific details, the Court, giving this request a liberal construction, will treat it as one for nominal, compensatory, and punitive damages.

The Court observes that no request for declaratory or injunctive relief was made.  (Nonetheless, such relief would not be available to him in this action, as *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), requires a federal district court to abstain from interfering with a pending state criminal proceeding "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  *Id.* at 43-44, 91 S.Ct. at 750.  Because Plaintiff can bring his claims in his criminal case and defending a criminal action is not an irreparable injury, this Court would abstain from any requests for injunctive or declaratory relief.  *Id.* at 46, 49, 91 S.Ct. at 751, 753; *Watson v. Florida Judicial Qualifications Comm'n,* ___ F. App'x ___, ____, 2015 WL 3971127 at *1 (11th Cir. July 1, 2015) (unpublished).

Plaintiff's other request is for the Court to request the DOJ to review the cases against him, which allegedly would show "what could be criminal misconduct" by Defendants.  This request is inappropriate for two reasons.  First, Plaintiff does not

16

give a purpose for the referral.  The Court can only infer that Plaintiff is requesting the criminal prosecution of Defendants, because he refers to possible *criminal* misconduct.  If Plaintiff seeks the prosecution of Defendants, such a request is frivolous because "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. United States Attorney General,* 832 F.2d 141, 141 (11th Cir. 1987) (affirming the dismissal of an action seeking the writ of mandamus to require the defendants to investigate and prosecute a former Florida State Attorney) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)).  Moreover, "[a] decision to prosecute is within the United States Attorney's substantial discretion[.]" *United States v. Ballard,* 779 F.2d 287, 295 (5th Cir.), *cert. denied,* 475 U.S. 1109 (1986); *see United States v. Smith,* 231 F.3d 800, 807 (11th Cir.) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."), *cert. denied,* 532 U.S. 1019 (2001). Second, the disposition of Plaintiff's action, *infra,* does not warrant a referral to the DOJ.  Thus, Plaintiff's request for a referral to the DOJ is frivolous and is subject to dismissal. Consequently, only claims for damages remain in this action.

17

D.  Claims Against Defendant Dixon.

In a § 1983 action a prosecutor has absolute immunity for damages for all activities that are "'intimately associated with the judicial phase of the criminal process.'"  *Van de Kamp v. Goldstein,* 555 U.S. 335, 341, 129 S.Ct. 855, 859, 172 L.Ed.2d 706 (2009) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976)).  In *Imbler v. Pachtman, supra,* the Supreme Court first ruled "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."  424 U.S. at 420, 96 S.Ct. at 990.  This immunity protects a central actor in the judicial process against "harassment by unfounded litigation [that] would cause a deflection of the prosecutor's energies from the public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust."  *Id.* at 422-23, 96 S.Ct. at 991; *see Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986).

Immunity is granted to all conduct that is "intimately associated with the judicial phase of the criminal process," which includes the "initiating a prosecution and in presenting the State's case." *Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991)(quoting *Imbler,* 424 U.S. at

18

430-31, 96 S.Ct. at 995).  That is, a prosecutor is entitled to absolute prosecutorial immunity from damages in a § 1983 action for performing his function as an advocate for the government. *Buckley v. Fitzsimmons,* 509 U.S. 259, 272-73, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993); *Rehberg v. Paulk,* ___ U.S. ___, ___, 132 S.Ct. 1497, 1503, 182 L.Ed.2d 593 (2012).  "The fact that one constitutional duty at issue was a positive duty (the duty to supply 'information relevant to the defense') rather than a negative duty (the duty to not 'use . . .perjured testimony') ma[kes] no difference" in the application of absolute prosecutorial immunity.  *Van de Kamp,* 555 U.S. at 342, 129 S.Ct. at 861.

Absolute prosecutorial immunity extends to the prosecutor's decision of whom to prosecute, *Imbler,* 424 U.S. at 431, 96 S.Ct. at 995; *Omegbu v. Milwaukee County,* 326 Fed.Appx. 940, at **1 (7th Cir. 2009) (unpublished), and to a prosecutor's conduct before the grand jury.  *Buckley,* 509 U.S. at 273, 113 S.Ct. at 2615; *Burns,* 500 U.S. at 490, 111 S.Ct. at 1941.  This immunity protects "the public prosecutor, in deciding whether a particular prosecution shall be instituted or followed up, [as the prosecutor] performs much the same function as a grand jury."  *Butz v. Economou,* 438 U.S. 478, 510, 98 S.Ct. 2894, 2912, 57 L.Ed.2d 895 (1978) (quoting *Yaselli v. Goff,* 12 F.2d

19

396, 404 (2d Cir.), *aff'd*, 275 U.S. 503 (1927)).  Furthermore, prosecutorial "immunity extend[s] to the knowing use of false testimony before the grand jury and at trial."  *Burns,* 500 U.S. at 485, 111 S.Ct. at 1938 (citing *Imbler,* 424 U.S. at 421-424, 426, and n. 23, 96 S.Ct., at 990-992, 993, and n. 23).

In the present action Plaintiff alleges that Defendant Dixon, along with Defendant Davis, helped the witnesses prepare their statements, she allowed Defendant Davis to testify before the grand jury even though he had "falsified the report" of July 27, 2012, (*id.* at 6, 7), she appeared before the grand jury (*id.* at 7), she did not turn over certain documents (*id.* at 10), and she lied before the grand jury using Defendants Davis's false statements of July 31, 2012, and April 16, 2013. (*Id.* at 9). These allegations against Defendant Dixon are based on her actions or inactions in her role as a prosecutor and they are "intimately involved with the judicial phase of the criminal process."  Defendant Dixon is, therefore, entitled to absolute immunity from damages and is due to be dismissed from this action because the claims against her are frivolous.  *See Rehberg v. Paulk,* 611 F.3d 828, 842 (11th Cir.) (prosecutor was entitled to absolute immunity on the claim of fabricating grand jury testimony), *aff'd* 132 S.Ct. 1497 (2012).

E.  Claims Against Defendant Davis for Testimony Before the

Grand Jury.

Plaintiff claims that on September 20, 2013, Defendant
Davis testified falsely before the grand jury when he related
the false information as contained in his narratives of July 31,
2012 and April 16, 2013 (Doc. 1 at 11), and "painted" Plaintiff
as a dangerous criminal, an attempted murderer who lies and a
stalker (*id.* at 6, 7), and that Defendant Davis's complaint,
referring to the Walton County attempted murder charge, was
provided to the grand jury.  (*Id.* at 5).

In a § 1983 action, a witness who testifies before the
grand jury or at trial is entitled to absolute immunity from
damages.  *Rehberg,* ___ U.S. at  ___, 132 S.Ct. at 1505-07 (the
district attorney's chief investigator was entitled to absolute
immunity from damages for his allegedly false testimony before
the grand jury); *Briscoe v. LaHue,* 460 U.S. 325, 326, 103 S.Ct.
1108, 1110-11, 75 L.Ed.2d 96 (1983) (the police officer was
entitled to absolute immunity from damages for his perjured
testimony at trial).  Moreover, an allegation of a conspiracy
will not prevent the application of absolute immunity because to
hold otherwise would circumvent absolute immunity and its goals
and the harms it seeks to prevent.  *Rehberg,* ___ U.S. at ___,
132 S.Ct. at 1506-07 ("in the vast majority of cases involving a
claim against a grand jury witness, the witness and the

21

prosecutor conducting the investigation engage in preparatory activity, such as a preliminary discussion in which the witness relates the substance of his intended testimony.  We decline to endorse a rule of absolute immunity that is so easily frustrated."  (footnote omitted)).  Accordingly, Defendant Davis is entitled to absolute immunity from damages for his testimony before the grand jury.  These claims against him are, therefore, due to be dismissed as frivolous.

    F. <u>Remaining Claims</u>.

    Even though most of the claims in this action are subject to dismissal based upon one of the foregoing reasons, there remain a few claims that did not fall into the above categories. These claims are: Defendant Hill wrote an offense report containing accusations that are not based on testimony or fact (Doc. 1 at 7-8); Defendant Hill "allowed the reproduction and altering of his original report" (*id.* at 12); Defendant Davis "falsified the original offense report of 7/27/2012 [and afterwards,] he added and/or changed vital information in his report in order to validate his report and to make information in [the] reports he later filed concerning another case against the plaintiff which he also investigated coincide with each other" (*id.* at 11); and Defendant Davis filed a false affidavit to obtain an arrest warrant.  (*Id.* at 7).

These claims are pled in an extremely vague and conclusory manner. *See Fullman,* 739 F.2d at 555-556 ("In civil rights and conspiracy actions, . . . more than mere conclusory notice pleading is required[, as] a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").  That is, no concrete information was conveyed in close proximity to these allegations, nor was information provided to relate these allegations to other more specific allegations in the Complaint.  No information is provided identifying the accusations in the offense report and how they lacked a basis in fact; how the original report was altered and/or falsified and thus violated a constitutional right; and how the affidavit was false.  Even if this information was provided so the claims would not be vague or conclusory, no indication is given that this information would furnish a basis for a claim for a violation of a constitutional right, which is necessary to state a claim under § 1983.  *See Parratt, supra.* At this time, no plausible § 1983 claim is alleged based on these allegations.  *See Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . [This standard] asks for more than a sheer

possibility that a defendant has acted unlawfully."). Therefore, these remaining claims are due to be dismissed without prejudice for failure to state a claim upon which relief can be granted.

However, within the time period for filing objections to the Report and Recommendation, Plaintiff may file an amended complaint that states a claim with respect to these failure-to-state-a-claim allegations, which necessarily need to comply with the pleading directives of *Twombly, supra,* and *Iqbal, supra. See Lee,* 461 F. App'x at 860 (requiring a *pro se* litigant be given one chance to amend a complaint that fails to state a claim before dismissing the complaint, but recognizing that an amendment will not be allowed if it is futile, that is, subject to being dismissed or to summary judgment).

If an amended complaint is not filed, these remaining claims will be subjected to being dismissed without prejudice for failure to state a claim upon which relief can be granted. However, if an amended complaint is filed, it will be subject to screening under § 1915(e)(2)(B).  In the screening of the amended complaint, the Court may consider the following reasons for dismissing the amended complaint or this action.

First, at this time, due to the lack of factual information in these remaining allegations, the Court is not able to

24

determine if the decision in *Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), applies.   The *Wallace* Court held that a false arrest claim accrues at the time when the false imprisonment ends, which is when process is issued or an arraignment is held.   *Id.* at 390, 127 S.Ct. at 1096 (the statute of limitations commenced when legal process was initiated against the plaintiff).

Claims that arise after the issuance of process or an arraignment, however, are considered damages to the distinct tort of malicious prosecution, which is a claim for the wrongful institution of legal process.   *Id.*   To recover damages on a malicious prosecution claim in a § 1983 action, the decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. 383 (1944), requires the challenged conviction and/or sentence be invalidated.   *Id.* at 487, 114 S.Ct. at 2372.   Invalidation is a necessary element of the cause of action for malicious prosecution because until invalidation occurs, no cause of action for malicious prosecution exists.   *Id.* at 489, 114 S.Ct. at 2373.   The *Heck* decision holds:

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid,. . . a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal

authorized to make such determination, or called into
question by a federal court's issuance of a writ of
habeas corpus, 28 U.S.C. § 2254. A claim for damages
bearing that relationship to a conviction or sentence
that has not been so invalidated is not cognizable
under § 1983. Thus, when a state prisoner seeks
damages in a § 1983 suit, the district court must
consider whether a judgment in favor of the plaintiff
would necessarily imply the invalidity of his
conviction or sentence; if it would, the complaint
must be dismissed unless the plaintiff can demonstrate
that the conviction or sentence has already been
invalidated. But if the district court determines that
the plaintiff's action, even if successful, will not
demonstrate the invalidity of any outstanding criminal
judgment against the plaintiff, the action should be
allowed to proceed, . . . in the absence of some other
bar to the suit. (Footnotes omitted.)

*Id.* at 486, 114 S.Ct. at 2372-73. Thus, in this action a

remaining claim may be barred by the two-year statute of

limitations for § 1983 action or a remaining claim may be

considered as damages in a malicious prosecution claim, but

these determinations could not be made at this time due to the

lack of information. *See Lufkin v. McCallum,* 956 F.2d 1104,

1105, 1108 n.2 (11th Cir.) (the statute of limitations for a §

1983 action filed in Alabama is two years), *cert. denied,* 506

U.S. 917 (1992).  With respect to the statute of limitations, a

claim very well may be barred by the statute of limitations

because Plaintiff's allegations contain dates of July 27, 2012

(doc. 1 at 4), July 31, 2012 (*id.* at 5), and April 16, 2013 (*id.*

at 9), which are more than two years before Plaintiff filed his

Complaint on or about July 7, 2015.[6]   (*Id.* at 1).

Second, because Plaintiff was an inmate when he filed his action, the Court may consider the application of 42 U.S.C. § 1997e(e).  This subsection, titled "Limitation on Recovery," provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

42 U.S.C. § 1997e(e) (2013).

This subsection limits the recovery of monetary damages by a prisoner for claims based on mental or emotional injuries, suffered while in custody, when no physical injury connected to mental or emotional injury is present.  42 U.S.C. § 1997e(e). *Harris v. Garner,* 190 F.3d 1279, 1288 (11th Cir. 1999), *vacated,* 197 F.3d 1059 (11th Cir. 1999), *reinstated in pertinent part,* 216 F.3d 970 (11th Cir. 2000), *cert. denied,* 532 U.S. 1065 (2001).  A prisoner must show that that he sustained a physical injury greater than *de minimis* in order recover compensatory or punitive damages.  *Harris,* 190 F.3d at 1286; *Mitchell v. Brown &*

---

[6]   Plaintiff's signature indicates that he signed the Complaint on July 7, 2015, and the Court received the Complaint on July 10, 2015.  (Doc. 1 at 13). *See Jeffries v. United States,* 748 F.3d 1310, 1314 (11th Cir.) ("Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.. .. Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it.") (citations omitted), *cert. denied,* 135 S.Ct. 241 (2014).

*Williamson Tobacco Corp.,* 294 F.3d 1309, 1313 (11th Cir. 2002).

Although § 1997e(e) precludes recovery of punitive and compensatory damages for mental or emotional injuries unaccompanied by a prior physical injury, injunctive and declaratory relief and nominal damages are not precluded for a violation of a constitutional right under § 1997e(e). *Al-Amin v. Smith,* 637 F.3d 1192, 1196-97 (11th Cir.) (observing that other courts noted the remaining remedies are ample and the Constitution does not demand an individually effective remedy for every constitutional violation) (citations and quotation marks omitted), *cert. denied,* 555 U.S. 820 (2008); *see Brooks v. Warden,* 800 F.3d 1295, 1309 (11th Cir. 2015)(§ 1997e(e) does not preclude nominal damages). Because there has been no showing of a prior physical injury, and due to Plaintiff's request for injunctive relief being deemed frivolous, § 1997e(e) will limit Plaintiff's recovery in this action to nominal damages after he has successfully shown a violation of a constitutional right.

Third, in addition to the above the reasons for dismissing this action under § 1915(e)(2)(B), Plaintiff's failure to list prior lawsuits in his Complaint, which he signed under penalty of perjury, would subject this action to being dismissed as malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i) ("the court shall dismiss the case at any time if the court determines that . . .)

28

the action or appeal-- (i) is frivolous or malicious[.]").  But, due to the vagueness of Plaintiff's allegations, it cannot be determined if he would be precluded from re-filing any of the remaining claims on account of the expiration of the two-year statute of limitations if this action was dismissed without prejudice for maliciousness.  *See Stephenson v. Warden, Doe,* 554 F. App'x 835 (11th Cir. 2014) (reversing a malicious dismissal because the district court record did not indicate that the court knew the dismissal without prejudice would effectively be a dismissal with prejudice, nor did the record show the court considered whether lesser sanction would suffice).

An action is deemed malicious when a prisoner plaintiff affirmatively misrepresents his prior litigation history on the complaint form requiring disclosure of such history and signs the complaint form under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice."  *Thompson v. Quinn,* No. 3:11cv533/RV/EMT, 2012 WL 6761569, at *1 (N.D. Fla. Dec. 4, 2012) (unpublished) (collecting cases), *adopted,* 2013 WL 45259 (N.D. Fla. Jan. 2, 2013); *see Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir. 1998) (upholding counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit),

29

*overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-17 (2007); *Schmidt v. Navarro,* 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of a malicious action pursuant to § 1915(e)(B)(2)(i) as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two prior federal actions on his complaint form); *Harris v. Warden,* 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history even though the form complaint described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corrs.,* 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process even though he had two), *cert. denied,* 133 S.Ct. 2050 (2013); *Redmon v. Lake County Sheriff's Office,* 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury when the inmate did not disclose a prior lawsuit when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he

30

did not understand the form).

In the present Complaint, Plaintiff indicates that he previously filed one other lawsuit dealing with the same or similar facts in this action and which is related to his imprisonment.  He identifies this action as *Lewis v. Mack,* CA No. 15-0273-CB-N, filed on May 21, 2015 in this Court.  (Doc. 1 at 3).  This action is a habeas action.  Plaintiff, however, did not inform the Court that prior to the present action's filing near July 7, 2015,[7] he filed on this Court's docket *Lewis v. Mack,* CA No. 15-0303-WS-N (S.D. Ala. pending), near June 8, 2015[8] (Doc. 2), complaining about the conditions of confinement at the Baldwin County Corrections Center.  (Subsequent to filing these three actions, Plaintiff filed on this Court's docket, *Lewis v. Campbell,* CA No. 15-0418-CG-C (S.D. Ala. pending)  (complaining about denial of access to courts and to discovery in his criminal case), and *Lewis v. Mack,* CA No. 15-0389-KD-N (S.D. Ala. pending) (complaining about the denial of access to

---

[7]    Plaintiff's signature indicates that he signed the Complaint on July 7, 2015, and the Court received the Complaint on July 10, 2015.  (Doc. 1 at 13).  *See Jeffries v. United States,* 748 F.3d 1310, 1314 (11th Cir.) ("Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. . . . Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it.") (citations omitted), *cert. denied,* 135 S.Ct. 241 (2014).
[8]    When Plaintiff signed the Complaint, he did not date his signature. (Doc. 1 at 7).  However, when he signed his Motion to Proceed Without Prepayment of Fees, which was filed with the Complaint, he dated his motion June 8, 2015.  (Doc. 2 at 4).

courts)).

Furthermore, PACER ("Public Access to Court Electronic Records") reveals two other cases previously filed by Plaintiff prior to him filing the above five actions in this Court, namely, *Lewis v. Rowley,* CA No.2:92-cv-02251-DEZ (W.D. Pa. Mar. 16, 1993) (a § 1983 action, which he voluntarily dismissed), and *Lewis v. Rowley,* CA No. 2:92-cv-02416-DEZ (W.D. Pa. Mar. 16, 1993) (a § 1983 action, which he voluntarily dismissed).

Thus, when Plaintiff filed the present action, he knowingly chose not to list his three previously filed actions. Nonetheless, Plaintiff proceeded to sign the present complaint under penalty of perjury.  (Doc. 1 at 13).  This type of behavior by a prisoner is deemed by courts to be an abuse of the judicial process so as to warrant the action's dismissal as malicious pursuant to § 1915(e)(2)(B)(i) and to it being counted as a strike for § 1915(g) purposes. *Rivera, supra.*  Thus, maliciousness may be one of the grounds considered for dismissal of this action once an amended complaint is filed clarifying the remaining claims.  At that time, there should be specific facts, which include dates, which would permit the Court to determine if the statute of limitations on the remaining claims has expired. *See Lufkin*, 956 F.2d at 1105, 1108 n.2 (finding the statute of limitations is two years for a § 1983 action filed in

Alabama).

IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted, and that with regard to the claims upon which Plaintiff failed to state a claim upon which relief can be granted be dismissed without prejudice so Plaintiff may re-file them in a new action or, if he so elects, may file an amended complaint within the period for filing objections to the Report and Recommendation, for the purpose of stating a claim with respect to the remaining claims.  *See Lee,* 461 F. App'x at 860.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that *under Eleventh Circuit Rule 3-1,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      DONE this 25th day of November, 2015.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE